MDL 1574

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 11 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re PAXIL Products Liability Litigation | ) ) ) ) ) ) | MDL Docket No. 1574 |

## NOTICE

NOW COME Respondents SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), and GlaxoSmithKline plc, and respectfully provide the Panel notice of the declaration by Donald J. Farber in *Hopey v. SmithKline Beecham Corporation d/b/a Glaxo SmithKline Corporation*, No. CV-03-0091592-S (Conn. Super. Ct.), which is relevant to the proceedings before the Panel.

In opposition to transfer, GSK established that general causation is not at issue in the Paxil discontinuation cases[1], and all that remains to be litigated is specific causation, which presents no "common questions of fact." GSK Mem. in Opp. to Transfer at 3-7; Tr. of

---

[1] GSK has admitted that for purposes of this litigation it will not contest general causation as described in its Supplemental Responses to Plaintiffs' Request for Admission in the *Gallego v. GSK* case.

OFFICIAL FILE COPY     IMAGED DEC 12 '03

November 20, 2003 Hearing at 8-10.  One of plaintiffs' main counsel, Donald J. Farber, has now

confirmed GSK's argument as true.

Mr. Farber entered an appearance and appears on the plaintiffs' briefing before the Panel.

He also represents the plaintiffs who filed the motion for transfer, and appears on the pleadings

in ten of the seventeen cases plaintiffs seek to have transferred.  Mr. Farber provided a December

3, 2003, declaration in *Hopey* in support of plaintiff's objection to the court's November 25,

2003, order transferring the case to Connecticut's complex litigation docket.  In Connecticut, a

court "may designate a group of cases that have many parties and <u>common questions of law or

fact</u> as complex litigation cases . . . ."  Conn. Practice Guide § 23-13 (emphasis added).

In opposition to the transfer, plaintiff argued:

> [T]he defendant has made moot any factual dispute that Paxil causes withdrawal.
> It undisputably does, a fact now admitted by GSK.  The past contention on
> general causation between Paxil and withdrawal is thus no longer applicable <u>in
> any jurisdiction</u>.

Pl. Opp. at 3 (emphasis added) (attached as Exhibit 1).  Mr. Farber declared in support that

**<u>"GSK concedes general causation on Paxil withdrawal,"</u>** **<u>"[t]he general causation inquiry . .

. is put to rest in all aspects . . . ,"</u>** and **<u>"[t]he issue is now history."</u>**  Farber Decl. at ¶ 6

(emphasis added) (attached as Exhibit 2) .

These statements conflict irreconcilably with plaintiffs' representations to the Panel.

Plaintiffs, represented by Mr. Farber, argued to the Panel that "GSK vehemently denies" general

causation, and that "general causation questions clearly are disputed."  Pl. Reply at 5.  Mr.

Farber's co-counsel, Karen Barth, declared that "numerous issues related to general causation are

disputed."  Oct. 24, 2003, Barth Aff. at ¶ 15.  Plaintiffs' counsel and Mr. Farber cannot

simultaneously represent to this Panel that general causation is in dispute while declaring to the court in Connecticut that general causation "is put to rest in all aspects." Nor can Mr. Farber deny that he is aware of the conflict. Not only does he represent plaintiffs before the Panel, he cited the November 20, 2003, hearing before the Panel in his declaration in *Hopey* that general causation is not at issue. Farber Decl. at ¶ 6. Plaintiffs are well-aware that general causation is not at issue, and Mr. Farber has now confirmed it.

Moreover, Mr. Farber apparently agrees that the Paxil cases lack common questions of fact. Regarding *Hopey*, Mr. Farber declares, "[t]here are no 'common issues of fact'" and Mr. Hopey's suicide "is an individual event applicable to Mr. Hopey, and totally dissimilar to the 'group of cases' and 'many parties' standards outlined in § 23-13." Farber Decl. at ¶ 6. Of the "withdrawal cases," Mr. Farber admits "[t]he only contested issues . . . **will be specific causation regarding individual plaintiffs**, and to what extent, if any, GSK officials over the years covered up the withdrawal problem to prevent public knowledge." *Id.* (emphasis added). These statements confirm GSK's assertion that the Paxil cases are inherently individual, and contradict plaintiffs' argument to the Panel that the Paxil cases share common questions of fact.

Mr. Farber's declaration confirms that general causation is not at issue in the Paxil discontinuation cases and that the cases will turn on highly individualized specific causation issues. The cases therefore lack common issues of fact. Accordingly, the motion for transfer should be denied.


Dated:  December 10, 2003

Respectfully submitted,


CHILTON D. VARNER
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303-1763
Telephone: (404) 572-4600
Facsimile:  (404) 572-5143

Attorney for Respondents
SMITHKLINE BEECHAM
CORPORATION
d/b/a GLAXOSMITHKLINE and
GLAXOSMITHKLINE plc

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 1 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| In re PAXIL Products Liability Litigation | ) | MDL Docket No. 1574 |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the Notice upon all counsel of record

by depositing a copy of same in the U.S. mail, sent first-class, postage prepaid, upon the persons

listed in the attached Service List, and by hand-delivery to the Clerk of the Judicial Panel on

Multidistrict Litigation.

This 10th day of December, 2003.

Christopher B. Peak

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List                                   Page 1

Docket: 1574 - In re Paxil Products Liability Litigation
Status: Pending on / /
Transferee District:            Judge:
                                                                                    Printed on 10/06/2003

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Barth, Karen A.<br>Baum, Hedlund, Aristei, Guilford & Schiavo<br>12100 Wilshire Boulevard<br>Suite 950<br>Los Angeles, CA 90025-7106 | ⟹ Hamilton, Lesli*; Keith, Katherine* |
| Coffin, Christopher L.<br>Pendley Law Firm<br>PO Drawer 71<br>24110 Eden Street/70764<br>Plaquemine, LA 70765 | ⟹ Alexander, Jr., Jack*; Alleman, Brenda*; Allen, Jessie Mae*; Anderson, Kelly F.*; Andes, Adam*; Armstrong, Shirley*; Ashley, Jason Scott*; Axley-Teague, Venita*; Baptiste, Virginia*; Battiste, Lucretta*; Bell, Carol*; Bellar, Malcom W.*; Beazon, Edward Greg*; Bonnette, Sheila*; Bonnette, Stacey M.*; Boone, Connie*; Bowman, Ted*; Bowman, Ted*; Brown, Anthony L.*; Brown, Kenneth A.*; Brown, Tonya*; Budd, Melissa*; Byrd, Veronica D.*; Carlos, Kemmy*; Carr, Erica*; Carroll, Felicia*; Chapochnikov, Iouri*; Chilcutt, Larry Joe*; Chittenden, Brian K.*; Chrisman, Jason Palmer*; Clark, Tina E.*; Cooper, Cynthia*; Crowell, Clayton T.*; Curie, Mylinda Craft*; Curie, Sherry K.*; Daigle, Janice*; Dalton, Joann Marie*; Dameron, Darla Gayle*; Davis, Robert L.*; Dickson, Erika Y.*; Dotson, Brenda*; Dowdy, Michael*; Driscoll, Barbara*; Driver, Tawania Lee*; Edwards, Aundrea*; Edwards, Vanessa*; Esters, Cedric*; Falgoust, Gale M.*; Favroth, Carolyn A.*; Fischer, Deborah*; Ford, Donna*; Fowler, Stacy*; Foxx, Autuan L.*; Foxx, Pamela*; Frederick, Joe*; Freeman, Steven Todd*; Furches, Darlene Gail*; Fusilier, Rhonda Ann*; Garver, Tisha*; Gollin, Linda*; Goodell, Erin*; Gremillion, Kenneth*; Guidry, Mary*; Guillot, Roy*; Gunnels, Courtney*; Guy, Susan*; Hackett, Patricia Ann*; Hanscom, Stephne*; Harford, Harold*; Harrold, Terry*; Hebert, Andrew*; Hein, Lisa C.*; Hill, Diane G.*; Hodge, Lisa*; Holcombe, Christen*; Hooker, Chris*; Humphries, Nicholas*; Jackson, Joy Johnson*; James, Victoria*; Jewell, Stephanie Roxanne*; Kador, Ronald*; Keeling, Donna*; Keller, Gloria K.*; Kennedy, Alana*; Klein, Dabney Price*; Kling, Steven*; Landfair, Joyce Marie*; Leach, Judy*; Lecompte, Charmaine*; Leger, Deborah H.*; LeJeune, Deborah*; Lewis, John Christopher*; Martin, et al., Carol*; Matthews, Jarvis*; McCall, Donna*; McGraw, Brian D.*; McKellips, Kristen M.*; McLawchlin, Jr., J.D.*; McNeil, Darrel*; Meche, Sherry M.*; Miller, Alisa Jean*; Miller, Teena S.*; Mitchell, Frank*; O'Dell, Diane M.*; Osborne, William T.*; Parker, Brooke*; Perkins, Joyce Lockett*; Phenix, Lee A.*; Poucher, Jeff M.*; Price, Victor*; Propes, Crystal M.*; Reese, Faun*; Reese, Faun S.*; Riley, Beatrice*; Risinger, Ginger*; Robinson, Rob*; Russell, Diane*; Russell, Emma Lee*; Russell, Mary*; Saltsman, Joann*; Salvadras, John Kevin*; Sanchez, Samatha*; Schailbly, Lydia Davis*; Schwab, Stacey*; Scott, Hattie D.*; Silcox, Vivian*; Simmons, Johnnie L.*; Simms, Margaret J.*; Singletary, Anne*; Smith, Faifon K.*; Smith, Leanne R.*; Smithson, Donna*; Speer, Kathryn*; Stein, Jerry*; Stepp, Amy Brunfield*; Stewart, Ethel J.*; Stowers, Jr., Earnest*; Swanson, III, Michelle R.*; Talbot, Denise Devion*; Taylor, James E.*; Thomas, Marilyn*; Townsend, Calvin*; Trunball, Laura Anne*; Turner, Pamela S.*; Waldrop, Mike R.*; Walker, Ronald*; Walters, Cynthia*; Washington, Mary Louise*; Westmoreland, Jonathan*; Williams, Brandy*; Williams, John Danny*; Williams, Martha*; Williams, Vera Lue*; Winter, Bunny*; Wolfe, Melissa A.*; Woolfolk, Tonya*; Wright, Peggy*; Yurewitch, Carl J.* |
| Fleming, David J.<br>Drinker Biddle & Reath<br>Wells Fargo Center<br>333 South Grand Avenue<br>North Tower, Suite 1700<br>Los Angeles, CA 90071 | ⟹ Glaxo Wellcome PLC; Glaxo Wellcome, Inc. |
| Keramati, Reza<br>Western Legal Group<br>550 West C Street<br>Suite 1600<br>San Diego, CA 92101 | ⟹ Roscoe, James |
| McGrath, Joseph James<br>c/o MCGF | ⟹ King, David K.; McGrath, Joseph James; Patterson, Jr., Ronald Kelly |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,574 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

~~P.O. Box 339~~   11041 Fairlawn Dr.   ← Correct Address as of 12/2/2003
~~1010 Home~~        Parma, Ohio 44130
~~Mount Gilead, OH 43338~~

Varner, Chilton D.
King & Spalding
191 Peachtree Street, N.E.
Suite 4300
Atlanta, GA 30303-1763

⟹ GlaxoSmithKline (as is on docket sheet); GlaxoSmithKline Corp.; GlaxoSmithKline, Inc.; GlaxoSmithKline, PLC*; SmithKline Beecham Corp.*; SmithKline Beecham Corp. dba GlaxoSmithKline*; Smithkline Beecham dba GlaxoSmithKline*

Yourman, Kevin J.
Weiss & Yourman
10940 Wilshire Boulevard, 24th Floor
Los Angeles, CA 90024

⟹ Cheverie, Janelle*; Greenberg, Clayton*; Jackson, Sandra*; Leonard, Preston*

Note: Please refer to the report title page for complete report scope and key.

**EXHIBIT 1**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

DOCKET NO. CV-03-0091592-S                    : SUPERIOR COURT

ERIN HOPEY, INDIVIDUALLY AND AS              : JUDICIAL DISTRICT OF LITCHFIELD
ADMINISTRATRIX OF THE ESTATE OF              : AT LITCHFIELD
DOUGLAS BRUCE HOPEY

VS.

SMITHKLINE BE3ECHAM CORPORATION,
dba GLAXO SMITHKLINE CORPORATION             : DECEMBER 3, 2003

## PLAINTIFF'S OBJECTIONS AND OPPOSITION TO TRANSFER OF ACTION COMPLEX LITIGATION DOCKET

In an order dated November 25, 2003, the Court ordered the above captioned matter transferred to the Complex Litigation Docket. The Plaintiff hereby objects to said transfer.

1. Background.

On September 25, 2003, plaintiff and widow Erin Hopey, on behalf of the estate of her deceased husband Douglas Bruce Hopey and herself individually, filed a wrongful death action against the defendant SmithKline Beecham Corp., dba Glaxo SmithKline Corp. ("GSK"). No other defendants were sued. It is alleged defendant's antidepressant drug, Paxil, caused the suicide of Mr. Hopey through inadequate labeling of the suicide risks of the product. Negligence, fraud, and related causes of action in product liability are alleged. On October 23, 2003, citing Section 23-15 of the Connecticut Practice Book, the defendant requested the case be transferred to Judge Sferrazza in the Complex Litigation Docket in Tolland. On November 25, 2003, the court granted defendant's request, and the case was transferred to the Complex Litigation Docket in Waterbury.

Opposition to Pending Transfer to Complex Litigation Docket                                             1

2. <u>The Law</u>.

The jurisdictional basis for complex litigation status is the Connecticut Practice Book §23-13.

> "The chief court administrator or the chief administrative judge of the civil division may designate <u>a group of cases</u> that have <u>many parties and</u> common questions of law or fact as complex litigation cases and assign the cases to assigned judge for pretrial, trial, or both and, if appropriate, may assign the cases to another judge or court officer for settlement or mediation discussions." Connecticut Practice Book §23-15.(Emphasis added).

Section 23-15 of the book delineates the execution of the complex litigation status, in that the assignment is "pursuant to Section 23-13."

3. <u>The transfer to "complex litigation" status violates §23-13</u>.

None of the jurisdictional elements required under §23-13 exist to justify transfer of the case to complex litigation status.

a. First, no "group of cases" exist. In GSK's moving papers no other cases were identified that would constitute any "group." That deficiency—per se—is facial non-compliance with §23-13 to warrant denial of the request.

b. Moreover, the court's order is devoid of any *sua sponte* reference that would provide a basis for transfer.

c. The "and" requirement of §23-13 bars transfer. The absence of a "group of cases" combined with the absence of "many parties" renders the first half of the criteria invalid in both its components. Even if a common question of law or fact existed with other cases that were stated, the "and" requirement negates the transfer.

Law Office of Janis K. Malec · 2 Congress Street · Hartford, CT 06114 · FAX 860-241-8224 · 860-241-8222 · Juris No. 413278

d. As the accompanying declaration of Donald J. Farber indicates, there is an ongoing Paxil withdrawal case in this judicial district in a complex litigation docket, *Shusterman (et al) v Glaxo SmithKline*, CV-02-0819347-S. (Farber Declaration, para 6). GSK's failure to mention this case in the transfer proposal should be construed as a further admission that the criteria of 23-13 are lacking. As pointed out in the Farber declaration, the *Shusterman* case and its Paxil withdrawal focus is distinctly a different inquiry than the suicide focus of *Hopey*.

e. There are not "many parties" as §23-13 requires. There is only one plaintiff and one defendant.

f. There are no "common questions of fact" The operative fact of *Hopey* is suicide. Even were defendant to have presented *Shusterman* in its moving papers, that case involves exclusively Paxil withdrawal and whether those plaintiffs suffered withdrawal. (Farber Declaration P3 L4). As Mr. Farber pointed out, the defendant has made moot any factual dispute that Paxil causes withdrawal. It undisputedly does, a fact now admitted by GSK. (Ibid P3 L14) The past contention on general causation between Paxil and withdrawal is thus no longer applicable in any jurisdiction. Specific causation remains an issue in all cases, but that is unique to Mr. Hopey in this case and thus outside the parameters of §23-13.

g. Neither, technically, are there any "common questions of law." Plaintiffs use "technically" for the basic reason that GSK provided no references to "other" cases in its moving papers. *Shusterman* would share some "common questions of law" with *Hopey* in that defendant's conduct would arguably be at issue involving the application of punitive damages. That singular issue, however, is inoperable in applying 23-13.

4. <u>Conclusion.</u>

The facial requirements of 23-13 are clear. It is equally clear that one side of the equation is entirely missing. Hence there can be no transfer. More than statutory construction, however, it should be clear from both the moving papers and Mr. Farber's declaration that this is not a "complex" case for any judge. All judges, by nature of their experience and qualifications can

Law Office of Janis K. Malec • 2 Congress Street • Hartford, CT 06114 • FAX 860-241-8224 • 860-241-8222 • Juris No. 413278

easily dispense with expert testimony and the "learned intermediary doctrine" without difficulty. Judges do that every day in courtrooms. The tentative order should be withdrawn.

PLAINTIFF

By _Janis K. Malec_
Atty. Janis K. Malec

Opposition to Pending Transfer to Complex Litigation Docket

4

Law Office of Janis K. Malec • 2 Congress Street • Hartford, CT 06114 • FAX 860-241-8224 • 860-241-8222 • Juris No. 413278

## CERTIFICATION

I hereby certify that a copy of the above was mailed postage prepaid on December 5, 2003 to:

Francis Morrison, III, Esq.
Day, Berry & Howard
CityPlace I
185 Asylum Street
Hartford CT 06103

Atty. Janis K. Malec

EXHIBIT 2

1
2
3
4

DOCKET NO. CV-03-0091592-S                    : SUPERIOR COURT

5

ERIN HOPEY, INDIVIDUALLY AND AS              : JUDICIAL DISTRICT OF LITCHFIELD
6
ADMINISTRATRIX OF THE ESTATE OF              : AT LITCHFIELD
7    DOUGHLAS BRUCE HOPEY

8    VS.

9

SMITHKLINE BE3ECHAM CORPORATION,
10   dba GLAXO SMITHKLINE CORPORATION          : DECEMBER 3, 2003

11
12

### DECLARATION OF DONALD J. FARBER
13
### IN OPPOSITION TO TRANSFER OF ACTION
14   ### TO COMPLEX LITIGATION DOCKET

15

16       1. <u>General</u>.  My name is Donald J. Farber.  I am an attorney at law with my law office at:

17   Law Office of Donald J. Farber, 175 North Redwood Drive, Suite 130, San Rafael, California

18   94904, Ph (415) 472-7181, Fax (415) 472-7182, Email: "n3dgt@AOL.com."  I was admitted to

19   the State Bar of California on December 30, 1993, and have no record of disciplinary infractions

20   or any allegations of unprofessional conduct.  Procedures have been initiated for the undersigned

21   to request *pro hac vice* status to represent plaintiff in this action.

22       2. Purpose:  This declaration is submitted to support the opposition of plaintiff to the

23   proposed transfer of this case to the complex litigation docket.

24       3. Experience in drug litigation against this defendant.  I have been lead or co-counsel in

25   plaintiffs' actions against Glaxo SmithKline ("GSK") in numerous Paxil lawsuits since June, 1999.

26   These have involved suicide and withdrawal resulting from the alleged failures of the defendant to

27   warn of the risks associated with Paxil.  Since 1999, I have represented approximately thirty (30)

28   claimants regarding the suicide issue and approximately 2000-3000 regarding the withdrawal

29   issue.  I consider myself familiar with both the defendant company and the drug.  I have visited

Glaxo headquarters on three (3) occasions to examine documents and have deposed several GSK officials over this period. I have also deposed two former FDA psychiatrists responsible for Paxil's in 1993. Currently, I am plaintiffs' co counsel in approximately fifteen (15) ongoing lawsuits across the country regarding Paxil withdrawal. In this regard I call attention to the Connecticut case of "*Shusterman (et al) v GlaxoSmithKline* (et al)"(CV-02-0126562-S) in the complex litigation docket at Norwich (e.g. Attachment (3)), which I address below.

4. <u>History of GSK in requesting "complex" litigation status</u>. It is my experience that GSK requests "complex litigation" status (or equivalent) regardless of rules and regulations applying to such status in the respective courts. It is my opinion GSK likely does so to frustrate the administration of justice for plaintiffs, and to inject procedural barriers and delays in order to discourage present and would be plaintiffs from continuing litigation and/or to initiate actions in the first instance. For the court's consideration, in addition to *Shusterman (et al)* I attach two recent examples of such GSK initiatives. Attachment (1) is GSK's 11/19/01 filing in "Nguyen & Farber v SmithKline Beecham" CV791998 in Santa Clara County, California. Attachment (2) is GSK's 5/23/02 filing in "Gallego (et al) v SmithKline Beecham" BC267002 in Los Angeles County, California.

5. <u>Inconsistencies of defendant</u>. I respectfully point out that GSK's argument in Attachment (1) for assigning a single judge to address the scientific issues was that "the most economic and efficient procedure would be to assign this case to a particular judge for all purposes, especially since this will be a court – not a jury—trial." (Page 3 lines 9-10 of Attachment (1)). Given the equitable nature of the lawsuit, plaintiffs were not entitled to a jury. It is thus apparent GSK chose that issue—simply because it existed—to justify its tactic. I further respectfully point out GSK's similar tactic in Attachment (2). Using the term "complex pharmaceutical product liability action," GSK attaches itself to the ten (10) separate jurisdictions of the then plaintiffs (Page 2 lines 12-13 of Attachment (2)), and the wide diversity of symptoms among all the different plaintiffs ("each plaintiff's case will involve different issues of liability, causation, and damages. This case will also involve choice of law issues and application of the laws of different states.") (Ibid, lines 20-22). That commentary addressed the "many parties" criterion of Section 23-13, but clearly that criterion is lacking in *Hopey*. That argument notwithstanding, Judge Freeman made no such finding that "Gallego" satisfied the "exceptional

case" standard under Local Rule 7.6(3), and he did not defer disposition "for at least two years" as GSK had requested in that filing. (Ibid lines 1-6). I am personally familiar with all attachments in the indicated actions, and that they were originated by the defendant.

6. <u>Other Connecticut Case and "Paxil Withdrawal."</u>  The *"Shusterman"* case is currently a Paxil "withdrawal" case in the complex litigation docket at Norwich, of which I am a counsel of record. (See Attachment (3), e.g. *"Shusterman (et al) v Glaxo SmithKline, Docket No. CV-02-0819347-S)*). I note that GSK in its moving papers for this docket did not inform the court of *Shusterman*, as a case invoking the "group of cases" standard in *Connecticut Practice Guide Section 23-13* might be expected to do to satisfy the legal standard for "complex litigation."  I address *Shusterman*, nonetheless, because it is one component of a broader picture of the Paxil litigation than is contained in defendant's moving papers.   This case (*Hopey)* is distinctly different from *Shusterman*.   While the Paxil "withdrawal" issue presents itself in all the cases, no longer is it in doubt that Paxil causes "withdrawal" in patients abruptly quitting the drug or tapering dosage downward.   GSK, suggesting in its moving papers that "complex" and "scientific" issues exist, admitted in the Los Angeles ("Gallego") case, and more recently (November 20, 2003) in a multidistrict litigation (MDL) hearing in U.S. District Court, San Antonio, Texas, that Paxil causes withdrawal (which they call "discontinuation") for patients who attempt to abruptly terminate or even taper down dosage of the drug. (see Attachment (4)).   Obviously, this is not an admission that GSK wishes the courts throughout the nation that are considering the issue to be quickly aware of.  In presenting its "complex litigation" proposal without amplifying commentary, GSK impliedly suggests its "scientific" and "complex" matters include the whole host of "withdrawal" issues that have been subject to extensive discovery and litigation the past three (3) years.  The issue is now history.  While considerable, contentious discovery ensued over the past three (3) years on Paxil withdrawal, including a "Motion to Compel" that I brought, which was granted by Judge Freeman in Los Angeles, GSK concedes general causation on Paxil withdrawal (e.g. Attachment 4, P5 L5, P6 L17, P8 L3, P9 L16, P11 L3, P12 L17, P13 L16, P15 L7, P16 L17, P17 L23, P18 L19, P30 L3, P31 L2, P32 L12, P33 L24, P35 L4, P36 L13, P37 L22, P39 L4, P40 L13, P41 L22, P43 L4, P44 L13, P45 L22, P47 L4, P48 L13, P49 L18, P50 L19, P51 L21, P52 L22, P53 L23, P54 L24, P55 L25, P56 L26, P57 L27, P60 L1, P61 L4, P62 L6, P63 L7   While *Hopey* will entail expert testimony, it requires no "complex" expert or

scientific involvement, which is defined by § 23-13. The general causation inquiry, e.g. "can Paxil cause withdrawal ("discontinuation")?" is put to rest in all aspects by GSK numerous admissions in Attachment (4). The only contested issues in the withdrawal cases will be specific causation regarding individual plaintiffs, and to what extent, if any, GSK officials over the years covered up the withdrawal problem to prevent public knowledge. For this (*Hopey*) docket, the distinct issue is suicide. It is an individual event applicable to Mr. Hopey, and totally dissimilar to the "group of cases" and "many parties" standards outlined in § 23-13.

7. <u>Under penalty of perjury</u>. The above is submitted under penalty of perjury of the laws of the United States of America, and that the above is based on the undersigned's personal knowledge or, where indicated, information and belief. This document is executed in the City of San Rafael, California, on the below date.

Date:   DEC 0 3 2003

Donald J. Farber
Declarant

Donald J. Farber
Attorney at Law
State Bar No. 168837

<u>Attached & Incorporated Exhibits</u>:
(1) Glaxo SmithKline's "Memorandum of Points & Authorities" in Case CV791998, Santa Clara County, California
(2) Glaxo SmithKline's "Case Management Plan" in Case BC267002, Los Angeles County, California
(3) Glaxo SmithKline's "Application for…Complex Litigation Docket" in *Shusterman* Docket No. CV-02-0819347-S.
(4) Glaxo SmithKline's Admissions in "Gallego (et al) v Glaxo SmithKline" Case BC267002, Los Angeles County, California